United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
|   Plaintiff, § | | |
| § | | |
| v. § | **CRIMINAL NO. 2:15-975-1** | |
| § | | |
| **ARMANDO BAZAN,** § | | |
|   Defendant. § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Armando Bazan's letter motion for compassionate release (D.E. 188), to which the Government has responded (D.E. 192). For the reasons stated herein, Defendant's motion is **DENIED**.

**I. BACKGROUND**

In 2016, Defendant pled guilty to conspiracy with intent to distribute more than 1,000 kilograms of marijuana and conspiracy to commit money laundering. He has served roughly 59 months (38%) of his 157-month sentence and has a projected release date, after good time credit, of January 31, 2027. Defendant now moves the Court to reduce his sentence to time served and/or order his release to home confinement because his underlying medical conditions (hypertension and heart disease) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. Defendant has provided a copy of the written request for compassionate release he says he filed with the Warden at FCI Beaumont on April 5, 2020, but he does not indicate whether he ever received a response. D.E. 190-2.

1

The Government states that the Bureau of Prisons has no record of any request for a reduction in sentence filed within the prison itself. *See* D.E. 192-2. The Government thus opposes Defendant's motion because: (1) he has not exhausted his administrative remedies; (2) his medical records do not support his claim that extraordinary and compelling reasons warrant his release; and (3) he is a public-safety risk.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> **(D) Other Reasons. –**
>> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 57 years old. He claims to suffer from hypertension and heart disease, which "renders me especially vulnerable to COVID-19 and places me at a higher risk of grave illness or death *if I become infected from the virus*. . . . If I were released to time served or home confinement for the remainder of my sentence, I would be able to follow the CDC's guidelines and *decrease my chances of contracting the virus* . . . ." D.E. 188, p. 2 (emphasis added).[1]

---

1. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-

Defendant's medical records reveal that he has no history of hypertension or heart disease. D.E. 192-1, p. 9. More importantly, while he claims to seek early release to protect himself from COVID-19, his medical records show that he previously contracted the novel coronavirus in July 2020. *Id.*, pp. 4–5. There is nothing to indicate that Defendant ever became severely ill or is still suffering any effects of the virus. To the contrary, he was asymptomatic the entire three weeks he was in isolation. *Id.* Defendant's motion does not mention his COVID-19 infection, although he was aware of his diagnosis at the time he filed his motion. On this record, the Court finds that extraordinary and compelling reasons do not exist that would warrant compassionate release.

## V. CONCLUSION

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 188) is **DENIED**.

**ORDERED** this 9th day of November 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pregnancy; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.