United States District Court
Southern District of Texas

**ENTERED**

July 19, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:15-975-1** |
| | § | |
| **ARMANDO BAZAN,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Armando Bazan's Emergency Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Pertaining to COVID-19 (D.E. 194), which the Court construes as a motion to reconsider its prior order denying compassionate release. For the reasons stated below, the motion is **DENIED**.

**I. BACKGROUND**

In 2016, Defendant pled guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and conspiracy to commit money laundering. He has served roughly 66 months (42%) of his 157-month sentence and has a projected release date, after good time credit, of January 31, 2027. Defendant previously moved the Court to reduce his sentence to time served and/or order his release to home confinement because his underlying medical conditions (hypertension and heart disease) made him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. The Court denied the motion on the grounds that: (1) Defendant's medical records revealed he had no history of hypertension or heart disease; and (2) he previously

1

contracted the novel coronavirus in July of 2020 and was asymptomatic the entire three weeks has was in isolation. D.E. 193. In his current motion—which does not mention the Court's prior order denying compassionate release—Defendant moves the Court to reduce his sentence to time served "due to the unprecedented COVID-19 pandemic that is ravaging the country." D.E. 194, p. 1.

## II. ANALYSIS

As the Fifth Circuit recently explained:

> [C]ourts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021) (collecting cases) (internal footnotes and citations omitted).

Defendant still has offered no evidence that he suffers from any underlying medical condition that would make him particularly vulnerable to COVID-19, and his prior asymptomatic infection belies his claim that he is at a substantial risk of death from the disease. He also fails to explain how releasing him from prison now would prevent any potential long-term effects of the virus. Moreover, even assuming Defendant is not

immune to reinfection,[1] FCI Three Rivers, where Defendant is incarcerated, currently has zero active COVID-19 cases among inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 16, 2021). The BOP is also working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the COVID-19 vaccine is "available to all staff and inmates who wish to receive it as quickly as possible." *Id.* Currently, 773 out of 1162 inmates at FCI Three Rivers have been fully vaccinated against COVID-19. *Id.* If Defendant has not already been offered a vaccine, he will be soon. On this record, the Court finds that extraordinary and compelling reasons do not exist that would warrant compassionate release. *See United States v. Jenkins*, 2021 WL 2018976, at * 4 (May 18, 2021) (Rainey, J.) (citing *United States v. Davis*, 2021 WL 1382119, at *2 (D.N.J. Apr. 12, 2021) ("As vaccine access expands to inmates at FDC Philadelphia, the risk that Davis will contract a serious case of COVID-19 continues to decrease."); *United States v. Kaneshiro*, 2021 WL 1138058, at *3 (D. Haw. Mar. 24, 2021) ("The possible availability of the vaccine in the near future is therefore not something that [t]his court can ignore in ruling on Kaneshiro's compassionate release request.")).

Defendant further emphasizes that he has been rehabilitated in prison, as evinced by his participation in evidence-based recidivism reduction programming, involvement in religious activities, and work as an electrician, commissary trustee, church volunteer, and

---

[1]. In a recent study funded in part by the National Institute of Health's National Institute of Allergy and Infectious Diseases and National Cancer Institute, "The researchers found durable immune responses in the majority of people studied . . . The immune systems of more than 95% of people who recovered from COVID-19 had durable memories of the virus up to eight months after infection." *Lasting immunity found after recovery from COVID-19*, NIH (Jan. 26, 2021), https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19.

hurricane clean-up volunteer. Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

## III. CONCLUSION

For the reasons set forth above, Defendant's Emergency Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Pertaining to COVID-19 (D.E. 194) is **DENIED**.

So **ORDERED** on ____July 19, 2021_____.


_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE